UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,   Case No. 17-cr-86-pp

        Plaintiff,

v.

MARQUISE M. JORDAN,

        Defendant.

---

**ORDER CONSTRUING THE DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AS A PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 57), DIRECTING CLERK'S OFFICE TO OPEN A CIVIL CASE, AND DISMISSING THAT CASE ONCE IT HAS BEEN OPENED**

---

On May 4, 2017, the government charged the defendant with six counts of carjacking and four counts of using, carrying and brandishing a firearm during and in relation to those crimes of violence. Dkt. No. 1. The information alleged that the defendant was a juvenile at the time he allegedly committed the crimes. Id. The defendant's lawyer asked the court for a competency evaluation. Dkt. No. 14. The court issued the order, dkt. no. 16, and on December 14, 2017, concluded that the defendant had recovered sufficiently that he could understand the nature and consequences of the charges and could assist in his own defense, dkt. no. 29. The grand jury indicted the defendant on March 6, 2018, dkt. no. 33, and the government filed a superseding information a little over a month later, charging the defendant with another count of carjacking, dkt. no. 38. The next day, the parties filed a

1

plea agreement, signed by the defendant. Dkt. No. 40. The plea agreement indicated that the defendant was pleading to three carjacking counts—two from the indictment and the one in the information—and to one charge of using, carrying and brandishing a firearm during a carjacking. Id. at 2-3. The agreement indicated that the defendant acknowledged and admitted that he was guilty of those offenses. Id. at 3. The agreement indicated that the government had agreed to recommend a sentence of no more than ten years in prison, given the defendant's youth and intellectual capacity. Id. at 7, ¶25.

The court conducted a change-of-plea hearing on May 21, 2018; the defendant was present with his lawyer. Dkt. No. 41. The hearing lasted over an hour, from 11:00 a.m. to 12:06 p.m. Id. at 1. During the hearing, the defendant asked the court how his case had ended up in federal court. The court explained that because the cars involved in the carjacking had traveled in interstate commerce (between states), the carjacking was a federal crime. The defendant told the court during the hearing that he understood the court's explanation, and that he understood the charges against him, including the gun charge. The court explained to the defendant that the gun charge carried a mandatory minimum sentence of eighty-four months (seven years), which the court would have to impose consecutively to any other sentence; the defendant indicated that he understood. The court explained that the defendant could not withdraw his guilty plea solely because he did not agree with information in the presentence report or because he did not agree with the sentence the court imposed. The defendant stated that he understood. The court also explained to

the defendant that the government's promised sentencing recommendation applied only to the charges in federal court and did not affect the case pending in Waukesha County Circuit Court. The court explained that the Waukesha County case was a separate case and would be decided by another judge, because this court does not have power over Waukesha County. The court clarified that the Waukesha County case could have an impact on the defendant's criminal history score under the U.S. Sentencing Guidelines, but that it could not know what that impact might be at that point. The defendant responded that he understood that the Waukesha County case was separate from this federal case.

On September 27, 2018, the court sentenced the defendant to serve twenty-four months on each of the carjacking counts, to run concurrently with each other. It sentenced the defendant to serve eighty-seven months on the gun charge, to run consecutively to the twenty-four-month sentences on the carjacking counts, for a total sentence of 108 months (or nine years)—a year less than the government's recommendation, and two years more than the defense recommendation. Dkt. Nos. 46, 47.

On December 27, 2019, however—fifteen months after the court entered the original judgment, over thirteen months after it entered the first amended judgment (dkt. no. 52) and over ten months after it entered the second amended judgment (dkt. no. 56)—the defendant filed this document, titled "Motion for Ineffective Counsel and Reiteration of Plea." Dkt. No. 57. The defendant says that he was not fully informed of the charges he was facing. Id.

3

at 1. He indicates that he didn't have a gun at the time he was arrested, and that his prints weren't taken from a gun. Id. He says that his appointed lawyer did not tell him the extent of the charges against him, and that he was allowed to plead guilty without his ever possessing a gun or ammunition. Id. He states that "being a teenager accused of such a crime and being in juvenile detention really scared" him, that he didn't fully understand the law and the nature of the charges against him and that he trusted his appointed lawyer. Id. He says that he's since re-analyzed his life and the mess he finds himself in, and that he wants an opportunity to show his innocence. Id.

It appears that the defendant filed the motion to withdraw his guilty plea. If that is the case, the motion is untimely. A defendant may withdraw a plea *prior to* sentencing only for a "fair and just reason." Fed. R. Crim. P. 11(d)(2). But once the court has sentenced the defendant and entered the final judgment, the entry of the final judgment terminates a district court's jurisdiction. United States v. Wahi, 850 F.3d 296, 300 (7th Cir. 2017).

Once the court has entered the final judgment, a defendant has several options for challenging his conviction or sentence, each of which is governed by a different deadline.

First, the defendant may ask the court to vacate the judgment and grant him a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). If the defendant wants a new trial based on newly discovered evidence, he has three years after court found him guilty to file the motion for a new trial. Fed. R. Crim. P. 33(b)(1). If the defendant wants a new trial for any other reason, he

must file the motion within fourteen days after the court finds him guilty. Fed. R. Crim. P. 33(b)(2). Here, the defendant has not asked the court to vacate the judgment and give him a new trial based on newly-discovered evidence, so the fourteen-day deadline applies. That deadline passed long ago.

Second, the defendant may ask the court to "correct a sentence that resulted from arithmetical, technical, or other clear error," if he files that motion within fourteen days after sentencing. Fed. R. Crim. P. 35(a). That deadline, like the deadline for filing a motion for a new trial under Rule 33(b)(2), passed long ago.

Third, a defendant may appeal his conviction and sentence to a higher court. Federal Rule of Appellate Procedure 4(b)(1) requires the defendant to file a notice of appeal in the district court within fourteen days of the entry of judgment. Again, that deadline passed long ago.

Fourth, a defendant may file a motion to vacate, set aside or correct his conviction and sentence under 28 U.S.C. §2255. The deadline for a convicted person to file such a motion expires within one year of the date the conviction becomes final or the date on which the defendant could have discovered the facts supporting his claims "through the exercise of due diligence." 28 U.S.C. §§2255(f)(1) and (f)(4). A judgment becomes "final" once the deadline for filing a notice of appeal has expired. Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013).

The court sentenced the defendant on September 27, 2018, and entered judgment on September 28, 2018. Dkt. Nos. 46, 47. The time for the defendant

5

to appeal expired fourteen days later, on October 12, 2018. He thus had one year from October 12, 2018—that is, until October 12, 2019—to file a petition under §2255. By that calculation, even if the court construes the defendant's motion as a §2255 petition, he filed it over two months after the one-year limitations period expired.

The court amended the judgment twice—once on November 19, 2018, to add the restitution amount that had been deferred (dkt. no. 52) and once on February 7, 2019 to add restitution to the insurance company (dkt. no. 56). The court has not deeply researched the question of whether these amendments—which did not affect the incarceration portion of the sentence—would impact the calculation of the one-year limitations period for filing a §2255 petition; it is possible that they would. It is also possible that there is some reason for the court to equitably toll the one-year period (although the court can't discern one from what the defendant filed.

In an abundance of caution, however, the court will construe the defendant's motion as a §2255 petition and will direct the clerk of court to open a civil case.

The court also will order, however, that the case be dismissed once it has been opened. The court cannot grant the §2255 petition for several reasons. First, the defendant did not timely appeal his conviction or sentence. He did not appeal within fourteen days of the entry of the original judgment, or within fourteen days of the entry of either of the amended judgments. "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'"

Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007) (quoting McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996)). Constitutional issues (such as claims of ineffective assistance of counsel) that were not raised on direct appeal cannot be raised in a §2255 petition unless the petitioner demonstrates cause for failing to raise them and actual prejudice. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds, Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

    The defendant has not explained why he did not appeal. Even if he could show that he had a good reason for failing to appeal, he would not be able to show actual prejudice unless he could show (1) that his lawyer's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) that he was prejudiced by the deficiencies in his counsel's performance, meaning that there is a reasonable probability that the results of the proceeding would have been different with effective representation. Strickland v. Washington, 466 U.S. 687 (1984); Koons v. United States, 639 F.3d 348, 351 (7th Cir. 2011). In the context of a guilty plea, the prejudice prong requires the defendant to show that there is a reasonable probability that but for his lawyer's deficient performance, the petitioner would not have pleaded guilty but would have insisted on going to trial. Lafler v. Cooper, 566 U.S. 156, 163 (2012).

    The defendant cannot make this showing. A defendant does not have an absolute right to withdraw a guilty plea. United States v. Harper, 934 F.3d 524, 527 (7th Cir. Aug. 8, 2019). A defendant may withdraw a plea only if he can

7

show that the plea was "not made voluntarily and knowingly." United States v. Mays, 593 F.3d 603, 607 (7th Cir. 2010). The defendant claims that he did not understand the charges against him. But the record does not support this claim.

The plea agreement, which the defendant and his lawyer signed, explained the charges and the possible maximum and minimum penalties, and contained a detailed description of the facts to which the defendant was pleading guilty. Dkt. No. 40. The factual statement indicated that the defendant admitted to officers after his arrest that the gun they recovered was the one used in the car jackings and indicating that the defendant had a conversation on Facebook about shooting a gun. Id. at 16.

At the change-of-plea hearing on May 21, 2018, *this court* explained those charges to the defendant at his guilty plea hearing, and he told the court that he *did* understand them. If, as the defendant now argues, his lawyer did not explain the charges or the possible penalties to him before the plea hearing, the defendant had the opportunity at that hearing to explain that to court. He did not do so. He told the court that he understood his rights, the charges and the possible penalties. The court presumes that the statements a defendant makes under oath at a change-of-plea hearing are true. See, United States v. Dyer, 892 F.3d 910, 914 (7th Cir. 2018), quoting United States v. Chapa, 602 F.3d 865, 869 (7th Cir. 2010)).

The defendant alleges that he did not possess a gun. But the presentence report indicated that after he was arrested, the defendant spoke with police. He

8

admitted participating in the robberies, admitted that the gun the police had recovered from an address at 44th Street was used in the robberies and that he had tossed the gun into the yard after one of the robberies.

     Even if the defendant had not possessed the gun, that would not have been a defense to the charge of using, carrying and brandishing a gun during a crime of violence. Count Two of the indictment charged the defendant with using, carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §924(c) *and* 18 U.S.C. §2. Dkt. No. 33 at 2. Section 2 of Title 18 says that anyone who "aids, abets, counsels, commands, induces or procures" a crime is punishable as if he had committed the crime. The presentence report stated that on November 21, 2016, the defendant two and other individuals robbed a victim of his car at gunpoint. Police found the car at the location where the defendant was arrested, and his prints were recovered from the exterior of the car. The defendant admitted to participating in the robbery. Even if the defendant wasn't the person who pointed the gun at the victim on November 21, 2016, the evidence indicated that he aided and abetted whichever of his co-actors did have the gun.

     Even though the court has construed the defendant's motion as a petition under 28 U.S.C. §2255, the court must deny that petition, because the defendant did not appeal and cannot show actual prejudice even if he shows cause for his failure to appeal.

The court **CONSTRUES** the defendant's motion for ineffective assistance of counsel and reiteration of plea as a petition under 28 U.S.C. §2255. Dkt. No. 57.

The court **ORDERS** that the clerk's office must open a civil case, treating the motion as a §2255 petition.

The court **ORDERS** that once the clerk's office opens that case, the motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 is **DISMISSED** because the petitioner did not appeal, and could not show actual prejudice even if he could show cause for his failure to appeal.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**